No. 350.—A. F. COLEMAN, Executor, v. PERCY BAKER—A. B. GEORGE, Intervenor.

*A dative testamentary executor has the right to bring suits to preserve the property of the estate he represents, in any parish of the State, without reference to his own domicile.*

*A suit by the owner to redeem lands that have been sold for taxes is not a petitory action to recover the lands on the ground of a superior title.*

*A purchaser of lands at a tax sale must be reimbursed the purchase money with interest before the owner can recover.*

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *T. M. Fort*, Judge *ad hoc*, vice *Watkins*, J., recused. *Egan, Williamson & Wise*, for intervenor and appellee. *J. D. Watkins* and *Richard W. Turner*, for defendant and appellant.

HOWE, J. This is an action by the dative executor of Peter G. Thompson, deceased, to redeem certain lands which had belonged to Thompson, but had been purchased at tax sale by the defendant Baker, on the twenty-seventh November, 1869.

It is not, as urged by defendant's attorney, a petitory action. The plaintiff admits the regularity of the purchase at tax sale by defendant, but claims that he has defeated the inchoate rights of defendant by having tendered to him within the year allowed by statute, the price, with the penalty, costs, etc. The defendant admits the title in Thompson at the moment of sale. The only question at issue between the plaintiff and defendant is whether the statute has been complied with in such a way as to entitle the plaintiff to a redemption. The conflict of title involved in the petitory action is not found in this.

This suit was commenced on the twenty-second November, 1870, within a year from the sale. It is plain that the necessary offers were made both by plaintiff and intervenor to refund to Baker the amount paid by him, with the interest, penalties, etc., required by law, and that he refused to accept and to restore the property. A letter from him to the intervenor expressing at great length the reasons of this refusal, is found in the record. He can not, as a matter of course, complain of not being put in default. It has, moreover, been settled that the formal tender, article 407 C. P., is not required in this action. Brooks *v.* Hardwick, 5 An. 675.

The defendant filed many exceptions which, as urged here, may be fairly reduced to three: *First,* that the plaintiff being public administrator of the parish of Bienville, can not administer property in the parish of Bossier, and therefore (as we infer) can not bring this suit; *second,* that his appointment by the parish court of Bienville was irregular; and, *third,* that the will of Peter G. Thompson, filed and made executory in Bienville parish, was void as containing substitutions and *fidei-commissa.*

The court *a qua* properly overruled these exceptions. The plaintiff

was appointed dative executor of the succession of Peter G. Thompson, deceased, in the parish of Bienville, where the deceased, a resident of Mississippi, left a considerable property. The defendant has not claimed the appointment and does not claim it now. As dative executor the plaintiff has a right to bring suits to preserve property in any parish. The other question presented by the exceptions is one in which the defendant has no interest. How can it matter to him that there is one clause in the will of Peter G. Thompson, which we shall hereafter refer to, containing a substitution or a *fidei-commissam?* It may interest him as a student, but it certainly does not concern him as a litigant.

The exceptions having been overruled, the defendant filed a general denial, modified by the admission that he bought the land at tax sale, as alleged by plaintiff.

A. B. George intervened, alleging ownership of the land by purchase in March, 1870, in Mississippi, under the will of Thompson.

There was judgment in favor of intervenor, decreeing him to be the owner of the land and putting him in possession; and the plaintiff and defendant appealed. We have already stated enough to show that the defendant has no reason to complain of the judgment, except in one respect. It does not require the intervenor to repay to him the amount of his bid, with interest, etc., as required by law. This it should have done. The sale is, *prima facie*, valid. Const., art. 118. The pleadings do not allege any such irregularities in the sale as to deprive the defendant of this right. The intervenor having been careful to offer this amount before suit, and the plaintiff having conceded the regularity of the sale, and both parties urging that this is an action to *redeem*, we see no good reason why this repayment should not be made. Indeed, a redemption without this payment would seem to be a contradiction in terms.

The only remaining point is raised by the plaintiff as against the intervenor; and that is, that by item fifth of the will of Peter G. Thompson, the property in question, with other lands, was left to two trustees, to be by them sold and the proceeds divided between the wife of the testator and his brother; that this provision is a prohibited *fidei-commissum* or substitution, and that by his purchase the intervenor obtained no title. The question is not raised by the pleadings, and we can not say whether it was discussed at all in the court below. Conceding, however, that we may consider it as presented by the documents in the record, we do not perceive that the title of the intervenor is subject to the infirmity suggested. The testator lived and died in Mississippi; the trust was valid there; it was immediately executed there, and the wife and brother of the deceased joined in the act of sale to George. We ought not to declare all this a nullity

unless it be clearly contrary to our public policy, and we can not say that it is.

The clause in the will is certainly not a substitution. · Beaulieu v. Ternoir, 5 An. 480. Nor is it clearly a prohibited *fidei-commissum*. The Code, in abolishing *fidei-commissa*, seeks to prevent property from being tied up for a length of time and placed *hors de commerce;* it does not abolish naked trusts uncoupled with an interest to be executed immediately. 5 N. S. 302; 5 An. 472.

For the reasons given it is ordered that the judgment appealed from be amended, by requiring that before the intervenor be put in possession he pay to the defendant the sum of one hundred and eighteen dollars and fifty cents, and that as thus amended the judgment be affirmed ; that the defendant pay costs of the lower court, and intervenor those of the appeal.