## No. 8178.

### MIGUEL BASSO VS. E. G. BENKER, SHERIFF, ET AL.

When the plaintiff in injunction seeks to restrain the execution of a judgment, on the ground that the property seized belongs to him, and not the judgment debtor, the only issue in the case is that of ownership.

The right of redemption of property sold at a tax sale, given by law to the creditors of the former owner, is not confined to mortgage creditors.

When the tender is made according to law to the purchaser at the tax sale, for the purpose of redemption, his title, inchoate so far, is defeated, whether he accepts or improperly refuses the tender. From that time, a creditor of the former owner has the right to seize the property.

APPEAL from the Fifteenth Judicial District Court, parish of Pointe Coupée. *Voist*, J.

*Haralson & Claiborne, Chas. W. DuRoy* and *Albert Voorhies* for Plaintiff and Appellee:

#### ON THE APPLICATION FOR REHEARING

First—The opinion and decree of the Court virtually concede that the writ of *fi. fa.* was issued prematurely.

Second—Act of 1877, No. 96, Sec. 57, expressly limits the right of redemption to cases where the purchase has been made "*by the State, or any city or parish.*" If, when the purchase is made by individuals, the right of creditors and of their debtor are fixed by Act of 1873, No. 47, Sec. 6, and Act of 1875, No 14, then the right of redemption must be exercised within six months, and not two years,——and the creditors or their debtor, must besides reimbursing outlays, pay 50 per cent. additional and costs, and not one per cent. per month.

Third—The remedy of the owner, who claims the right of redemption, is, after due tender, to sue for retrocession and possession.

Fourth—The remedy of the creditors acting in behalf of their debtor is : 1st, to make the required tender for him ; and 2d, to sue in his stead for retrocession and possession,—"*in order to make the same available to the payment of their debts.*" C. C. 1990 (1986).

Fifth—Neither the owner, or his creditors, can disregard the tax sale and the purchaser's refusal to retrocede and give possession. The effect of the tender is simply to preserve the right to claim the enforcement of the agreement or obligation of redemption.

Sixth—In such judicial action there is no question raised as to ownership or title; but the issue is exclusively one of tender and right of redemption.

Seventh—In the action to compel retrocession and obtain possession, the former owner and the purchaser are necessary parties, whether the action be brought by the owner himself or by his creditors.

Eighth—*As a corollary*, creditors, having no other rights to exercise but their debtor's, cannot disregard the fact that their debtor has not sued for retrocession and possession, and

that the purchaser holds possession, and denies not only the efficacy of the alleged tender, but even the existence of the right of redemption. They cannot, therefore, seize as if the debtor was legally in possession, and thereby compel the purchaser to resort to an injunction in order to litigate between him and themselves alone, the fact or validity of tender, as well as the right of redemption itself.

Ninth—The purchaser being in possession is not required to bring a petitory action in order to vindicate his title. His injunction, therefore, does not properly raise a question of ownership or title, but is intended to protect his possession.

### O. O. Provosty for Defendants and Appellants:

First—Where plaintiff in injunction seeks to restrain the execution of a judgment on the ground that the property seized belongs to him and not the judgment debtor, the question of ownership is the only one which can be examined, for, in such case, the plaintiff is without interest, and, therefore, without right to provoke any other issue. 12 An., 181.

Second—The ownership of the property being the only issue in such case, irregularities or informalities in making the seizure cannot injure such plaintiff, for, if in all respects regular and formal, the seizure is null, if plaintiff owns the property. 14 La., 280; 1 R. 297.

Third—Although the property seized is in the possession of one holding under a *prima facie* valid and recorded tax title, no direct action to test the validity of such title is requisite, unless, 1st. The necessity for such action is averred in the petition; or, 2nd, Objection is made on the trial that such invalidity cannot be collaterally established. 15 An., 531; 31 An., 330.

Fourth—When the issues are fully made by the pleadings, tried, and submitted without objection to the form of the action, such objection when raised in argument cannot be considered. .

Fifth—As between the original parties to a contract of sale and mortgage no registration thereof is requisite, so none is necessary as to one who subsequently purchases the property, and retaining from the price the amount of the prior mortgage, assumes and promises to pay it. 32 An., 283.

Sixth—Any creditor of the owner of land sold under Section 53 of Act 96 of 1877, p. 147, may redeem it, and the offer to redeem made *bona fide* and according to that act to the purchaser at the tax sale, is an all-sufficient exercise of the right of redemption.

Seventh—And such offer being improperly refused, is for all the purposes and rights of the creditor just as if it had been accepted. 31 An., 330; Mourlon, p. 236, vol. 3.

Eighth—Consequently, the purchaser who, after such refusal, procures the Auditor's confirmation of the tax sale, does so in fraud, and such confirmation is null, because obtained by fraud, and because from the date of such refusal the Auditor had no power to make such confirmation.

---

The opinion of the Court was delivered by

LEVY, J. Leon Séré, Syndic of the insolvent estate of D. Bouligny, by virtue of a writ of *fieri facias* issued on a judgment rendered in the suit of Séré, Syndic, vs. L. V. Porche, seized a certain tract of land or plantation in the parish of Point Coupeé, which he claimed as being affected by and subjected to his judgment recognizing his mortgage thereon, and his right to seize and sell the same.

This land was assessed to P. S. Wiltz, and was seized by the tax collector and offered for sale to be sold in payment of taxes due. It was adjudicated to Miguel Basso, on the 5th of December, 1877, and on the same day the tax collector executed an act of sale to the said Basso.

28

On the 30th of December, 1879, the Auditor of the State executed an act confirming unto said Basso the tax sale.

Basso, the purchaser at tax sale, and the possessor of the property seized, enjoined the seizure under the *fieri facias.* In his petition he averred and claimed that, he was the true owner of the property, denied, that Séré, Syndic, was a mortgage creditor, averring that if he ever had any claim or mortgage bearing on said property, the same is perempted and barred by the prescription of ten years, not having been reinscribed; denied that the seizure was valid and legal; prayed for an injunction restraining further proceedings under the seizure; that the injunction be perpetuated, the seizure declared null and void, and the property decreed not to be liable to seizure in said suit of Séré, Syndic, vs. Porche, and for damages against the defendants in injunction to the amount of $400. The injunction prayed for was granted.

Defendants, in their answer, allege that the tax collector's act of sale and the Auditor's confirmation are null and void, and the plaintiff has no right or title to the property under or by virtue of these acts, because Séré, Syndic, being a creditor of Wiltz, (who is described in the acts as the owner) duly claimed the right to redeem the said property within two years from the date of the sale, and did tender and offer to said Basso, the purchaser at said sale, personally, the full amount of the purchase money and all taxes paid by said Basso, on said property, between the date of his said sale and the date of the tender and offer, and did all that was required by law, to effect such redemption, but that said Basso, wrongfully and improperly refused said offers of redemption and denied the claim and right of said Séré to redeem, alleging as his reason, that the mortgage in favor of Bouligny had not been reinscribed; that Basso concealed said offers of redemption from the Auditor, and his (Basso's) illegal refusal thereof illegally and without right procured the said confirmation from the Auditor. They prayed for damages for attorney's fees incurred, and for the wrongful issuance of the injunction, for rejection of plaintiff's demands and dissolution of the injunction.

There was judgment in favor of plaintiff, decreeing the seizure enjoined to be null and void; that the property be restored to the possession of Basso, plaintiff, perpetuating the injunction and awarding $250 damages to plaintiff. Defendants have appealed.

The pleadings of both parties hereto have distinctly put at issue the ownership of this property. The plaintiff, appellee, enjoins its seizure on the ground that it is his, and sets up and offers in evidence his muniments of title. Defendants, appellants, assert the ownership to be in Wiltz, and that the property is subject to Séré, Syndic's judgment and mortgage; deny the validity of the title claimed by plaintiff as derived from the tax sale and its confirmation, and allege that the right of re-

demption to which Séré, Syndic, as creditor of Wiltz, was entitled, has been seasonably availed of by Séré by a tender and offer to Basso, the purchaser at tax sale, of the amount paid by him, interest, costs and taxes between the sale and tender. Plaintiff alleges that the mortgage in favor of Bouligny sought to be enforced on the property is barred by the prescription of ten years, not having been reinscribed within ten years after its inscription.

The real question for our decision is that of ownership. 12 An. 181. " Where the plaintiff in injunction seeks to restrain the execution of a judgment, on the ground that the property seized does not belong to the judgment debtor, but to the plaintiff in injunction, no other issue can be made but that of ownership."

We will first consider whether the tender made within the delay fixed by law and of the proper amount, even though refused by the purchaser at a tax sale, is sufficient to defeat the perfection of the tax sale title, and the tender thus made operates to entitle the owner or creditor to perfect the redemption after the lapse of the time.

We think the right of redemption is not confined to a mortgage creditor; a simple judgment creditor has the right. Séré, Syndic, is shown by the record to be a judgment creditor. The question of prescription of his mortgage claim is not absolutely necessary to be passed upon here, and we do not do so, although the authorities incline strongly to the establishment of the principle, that the description of a mortgage and recital of the property itself in an act of assumption, duly inscribed, as also such description and recital in a duly registered judgment recognizing such mortgage, operates as a reinscription of the mortgage act itself. 5 An. 675; 24 An. 524; 14 La. 214. We do not however decide that question herein.

In Montgomery & Delony vs. Burton, 31 An. 330, the Court said: " The tender having been improperly refused, of course it was for all the purposes of the defendant's rights, just as if it had been accepted, and the only question remaining for our conclusion, is the consequence of the tender upon the rights of the parties. Whether a tax title is inchoate or not, until the delay for redemption, need not, as we have said, be now examined, because whatever may be the law upon that subject, there can be no doubt that the right of redemption sprang into being from the very fact of the sale, and became attached to it as a dissolving condition. This being the case, every obstacle, if any existed, to the execution of the mortgage was removed, and as the evidence of the tender, after the seizure, was received without objection, we consider that at least from that date the seizure was valid."

We cannot recognize the ownership of the plaintiff in the property seized, because the tender and offer to redeem, made in time, prevents

the perfection of the inchoate title derived from the tax sale, and regarding this tender as entitling the creditor to redemption of the property on payment of the amount due the purchaser, which, when this is made, he has the right to insist upon and enforce the dissolving condition of the tax sale, and, therefore, the title to and ownership of the property seized cannot be recognized by us as in the plaintiff in injunction. At the same time, as no tender appears to have been made in the court below, in the proceedings in the injunction suit, the plaintiff in injunction is entitled to reimbursement of the purchase price, costs, and taxes paid and interest on his payment of taxes; and we feel called upon to render such decree as will do justice and accord equity to all parties. As to the mortgage claims of the defendants, we do not pass upon them, so as to preclude any parties in interest from contesting them under a plea of prescription or other plea, but reserve to all interested any defenses to which they may be legally entitled in opposing or contesting the legality or validity of the seizure or the claim, under which it is made.

It is, therefore, ordered adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered by the Court below, it is ordered adjudged and decreed that the injunction issued in this case be dissolved, and that on payment to the plaintiff, Miguel Basso, by the seizing creditor of the amount of the purchase money of the tax sale, interest as allowed by law, and taxes which have been paid by him on the property seized, viz: the amount due at the date of tender November 20th, 1877, being the sum of two hundred and twelve and 50-100 dollars, the writ enjoined be proceeded with according to law, and that plaintiff's (Miguel Basso) demand to be recognized as owner of said property by virtue of his alleged title under the tax sale, be rejected. Appellee to pay the costs of both Courts.

Rehearing refused.