(36 South. 900.)

No. 15,117.

STATE ex rel. BUSHA'S HEIRS v. REGISTER OF CONVEYANCES et al.

(June 6, 1904.)

TAXATION—OFFER TO REDEEM—REFUSAL BY ADJUDICATEE—MANDAMUS.

1. The contention of the defendant (an adjudicatee at a tax sale), based upon Raymond v. Villere, 7 South. 900, 42 La. Ann. 488, that he is entitled, after he has refused to accept the money tendered him for the redemption of the property which he had purchased, to have the steps taken for the redemption conducted contradictorily with himself through judicial proceedings via ordinaria, commencing with a petition and followed by a citation, is without foundation. While an adjudicatee at a tax sale acquires certain rights, he assumes certain duties; among them the duty of allowing the redemption of the property on tender of the amount fixed by law. If he refuses to perform that duty, mandamus is the proper remedy.

2. When a person's property is sold at tax sale, the owner is not ipso facto deprived of the ownership and the legal possession thereof, though the adjudicatee acquires certain rights in respect to the property, which, if not cut off by redemption, will ripen into ownership. During the period fixed for redemption the rights of the adjudicatee are inchoate.

3. Any one may, for the advantage of the owner of the property, act as his negotiorum gestor, and make payment of redemption money; this even without his knowledge. There is a difference between redemption under a conventional sale made with right of redemption reserved and redemption under a tax adjudication.

Provosty, J., dissenting.

(Syllabus by the Court.)

Certiorari to Court of Appeals, Parish of Orleans.

Application by the state, on the relation of the heirs of Sallie Busha, for writ of mandamus to the register of conveyances and John F. Lindner. Judgment for relator was affirmed by the Court of Appeal, and Lindner applies for certiorari or writ of review. Affirmed.

Theodore Cotonio, for applicant. William Winans Wall and Johnston Armstrong, for respondent heirs of Sallie Busha. Dinkelspiel & Hart, for respondent Joseph Barry.

Statement of the Case.

NICHOLLS, J. In re John F. Lindner applying for certiorari or writ of review to the Court of Appeal, parish of Orleans.

In the petition filed by the plaintiffs they alleged: That they were the sole owners in indivision of certain property, which they described. That it was adjudicated to John F. Lindner by the state tax collector of the Seventh District on June 14, 1902, for the state taxes of 1901, and the tax deed thereof was registered in the conveyance office of New Orleans on the 17th of June, 1902.

That they have tendered by notarial tender made by Charles Schneidau, notary public, the sum of $27.50, the amount of the price paid by said Lindner at said tax sale, and all costs, taxes, and charges paid by said purchaser since said adjudication, together with 20 per cent. on said total amount, and that proper deed of redemption was presented to said Lindner to be signed, but he declined to receive said money, redeem said property to them, or sign said redemption deed, and that thereupon said notary did deposit said sum in the Citizens' Bank of New Orleans to the credit of said Lindner, and subject to his order, and so notified him. That they had demanded of A. Sambola, register of conveyances for the parish of Orleans, the cancellation of the inscription of said tax deed from the record of his office. That, although it was his duty to cancel the same, he had refused to do so, and still persisted in his refusal. That an alternative writ of mandamus was necessary to afford them adequate relief in the premises. In view of the premises, they prayed

for an alternative writ of mandamus directed to said register and to John F. Lindner, commanding them to cancel and erase said inscription of registry from the records, or show cause to the contrary.

The alternative writ prayed for was ordered to issue.

Lindner excepted to the proceedings on the grounds that relators were without right to proceed summarily; that, if any right they had had (which fact he specially denied), they should proceed via ordinaria to annul defendant's title. After such proceedings via ordinaria, and judgment rendered annulling his title, and upon the refusal of the register of conveyances to make the cancellation, then, and then only, could relators proceed by mandamus. That he could not be compelled to try summarily the question of title and the question of pretended ownership, as was here attempted, and there were no proper parties respondent.

He prayed that the exception be maintained, and the suit dismissed. In the event of its being overruled, and not otherwise, and reserving the benefit of the same, he further excepted that relators' petition disclosed no cause of action. Should this exception be overruled, and not otherwise, and under reservation of same, he further excepted that relators' petition was too vague and indefinite to enable him to safely plead thereto; that it was especially vague in this particular: that it failed to allege how, when, and from whom they acquired the property described in their petition, and to give the full derivation of their title and of the title of their author; that, had relators proceeded via ordinaria, and had they alleged how they became the owners of the property, he would have been entitled to and could have demanded oyer of their alleged title—all of which was denied to him because of the summary proceedings resorted to by relators, and of the rules of procedure which

required a respondent to make a full return to the writ.

Under reservation of these exceptions, he pleaded the general issue, and specially denied that the relators were the owners of the property described in their petition, or had any right thereto. Anthony Sambola, the register of conveyances, answered, pleading the general issue.

On the 24th of June, 1903, the district court rendered judgment in favor of the relators, ordering, adjudging, and decreeing the alternative writ of mandamus to be made peremptory, and accordingly the register of conveyances for the parish of Orleans and John F. Lindner were commanded to cancel and erase the inscription of registry of the tax deed made by said register in his records on June 17, 1902, said tax deed being made by the state tax collector for the Seventh District of New Orleans to John F. Lindner on the 14th of June, 1902, for the state taxes of 1901. On the 30th of June, 1903, this judgment was signed in open court, and on the same day James Barry, alleging himself to be the register of conveyances for the parish of Orleans as successor to A. Sambola, who had died since the filing of his answer, made himself a party to the proceedings.

On the trial of the case relators offered in evidence certain proceedings taken by themselves in the civil district court for the parish of Orleans, praying to be recognized as the heirs of Sallie Busha, and placed in possession of all the property belonging to her, specially designating as belonging to her the property in litigation in this case, together with the judgment of the district court rendered upon their petition, which judgment recognized them as such heirs, and placed them in possession, as owners, of this particular property.

Defendant in rule objected on the ground that the proceedings were ex parte, and did

not bind him. The court overruled the objection, and admitted the evidence. We think it committed no error, in so doing. The proceedings and judgment made at least a prima facie showing of the facts recognized, and furnished sufficient evidence on the issues in the absence of the advancing of and claim of heirship or ownership in any one else. The judgment of the district court was as follows:

"It is ordered, adjudged, and decreed that the alternative writ of mandamus issued herein be made peremptory, and accordingly that the register of conveyances in and for the parish of Orleans and John F. Lindner be, and they are hereby, commanded to cancel and erase the inscription of the registry of tax deed made by said register of conveyances on June 17, 1902, in Book 185, folio 455, of the records of his office; said tax deed being made by the state tax collector for the Seventh District of this city to John F. Lindner on June 14, 1902, for the state's taxes of 1901 registered against the following described property:

"A certain lot of ground and improvements thereon in the Seventh District of New Orleans, in square bounded by Lowerline, Millandon, Ann, and Mississippi streets, designated as 'Lot No. 1, in square No. 32.' Said lot No. 1 measures 30 feet front on Mississippi street by a depth of 105 feet, and forms the corner of Mississippi and Millandon streets. Said respondent John F. Lindner pay all costs."

Lindner appealed to the Court of Appeal for the parish of Orleans. That court affirmed the judgment, using the following language:

"The relators, alleging their ownership of certain real estate sold to one Lindner for taxes, their seasonable tender of redemption within legal delay, and its refusal, proceeded by mandamus directed to the register and the tax purchaser to cancel the inscription of the tax sale.

"Exceptions were filed to the form of proceeding on the ground that the issue of title is presented, which cannot be summarily tried under the law.

"The exception must prevail if it be true that the question between the litigants is one of title (42 La. Ann. 488, 7 South. 900), but such does not appear to be the case here."

In Coleman v. Baker, 24 La. Ann. 524, the court said:

"It is not a petitory action. The plaintiff admits the regularity of the purchase at tax sale by defendant, but claims that he has de-

feated the inchoate rights of defendant by having tendered to him within the year allowed by statute the price with the penalty costs, etc. "The defendant admits the title in Thompson at the moment of the sale. The only question at issue between the plaintiff and defendant is whether the statute has been complied with in such a way as to entitle the plaintiff to a redemption. The conflict of title involved in the petitory action is not found in this."

In Martinez v. Gulf States, etc., No. 1,672 of our docket [the Court of Appeal] we said:

"The title of the defendant resulting from the tax sales under which defendant went into possession was divested absolutely by the exercise of the right of redemption. It does not affect said right of redemption in any wise that defendant refused the tender in redemption and held onto the property. "The right to redeem is absolute by the Constitution and by the laws."

In Montgomery v. Burton, 31 La. Ann. 330, and Basso v. Benker, 33 La. Ann. 432, it was held that, when a tender is made according to law by a party in interest to the tax purchaser for the purpose of redemption, the tax title is defeated, whether the tender be accepted or not, and from that moment a creditor of the former owner has the right to seize the property.

From the foregoing authorities it appears that an action to enforce a tender of redemption does not involve the issue of title, and that after such tender legally made the tax title becomes a mere illegal incumbrance, which may be summarily erased by mandamus taken contradictorily with the parties in interest.

The rule prevailing as to mortgage inscriptions sanctioned by practice and judicial precedent may properly be applied to a case like this. Code Prac. art. 830; Lanaux v. Recorder of Mortgages, 36 La. Ann. 975; State ex rel. Jarvo v. Judge of Criminal District Court, 37 La. Ann. 579. Proof of interest sufficient to redeem (Atler v. Shepherd, 27 La. Ann. 208), and of tender according to law, are sufficient to entitle the relators to the relief prayed for. Such proof is found here.

The judgment recognizing relators as the heirs of the former owner is offered, and is fortified by the testimony, and it is shown that, after negotiations somewhat obstructed by Lindner and his counsel, a tender was made, and not accepted.

The amount is not shown to be insufficient.

## Opinion.

The contention advanced by the defendant, based upon the decision of this court in Raymond v. Villere, 42 La. Ann. 488, 7 South. 900, that he, as the adjudicatee of property sold at a sale in enforcement of taxes, was entitled to have the steps taken for the redemption of the property conducted contradictorily with himself through judicial proceedings via ordinaria, commencing with a petition and followed by citation, has no legal foundation. Raymond v. Villere, 42 La. Ann. 488, 7 South. 900, has no relevancy whatever in a case of this character.

When a person's property is adjudicated at a sale made in enforcement of taxes, the owner is not ipso facto deprived of the ownership and the legal possession thereof, though the adjudicatee acquires certain rights in respect to it which will, if not cut off by redemption, ripen into a title. During the period fixed for redemption the adjudicatee's rights are inchoate, as was expressly held very recently by this court in Moore v. Boagni, 111 La. 490, 35 South. 716.

· The adjudicatee, in purchasing, acquires certain rights, but subjects himself to certain duties and obligations. He expressly takes upon himself and consents to making redemption of the property on receiving payment of the amount fixed and established by law. It is not required that redemption should be accomplished through the courts. For the purpose of perpetuating the evidence of payment and the fact of redemption, the payment should be made by notarial act. No particular form or words are necessary, though the facts should be clearly made to appear.

The adjudicatee, is not called on to make a cession or transfer of his rights in favor of any other person. All that he has to do on payment made to him is to surrender the rights which he had acquired by his purchase, leaving the result of that surrender or relinquishment to inure to the party or parties who by law would be entitled to the benefit of the same. It will be noticed that no judgment in this case is rendered in favor of any particular person. The judgment is simply that the evidence of the defendant's rights be canceled and erased from the records. We think that any one may, for the advantage of the owner, as negotiorum gestor, make payment for him of the redemption money, even without his knowledge. Civ. Code, arts. 2133, 2134. There is a great difference between redemption under a conventional sale with power of redemption and redemption under a tax sale. In the former the title is transferred by the consent of the owner with conventional obligation assumed by the transferee on the requirement of the owner to transfer to him. Unless and until the former owner exercises this right, the title to the property remains where the former owner had himself placed it. In a tax sale the owner has given no consent; on the contrary, so far as he is concerned, the sale is an enforced one, and adverse to his interests.

The defendant complains of the tender which was made, but, if the amount be less than he was entitled to receive, he had no one to blame but himself. Plaintiffs called on him to know what the exact amount was, but defendant failed to give them any information on the subject. On this refusal plaintiffs ascertained the amount from the tax collector as best they might. When defendant refused to receive payment, we think plaintiffs were authorized to deposit the

amount in his name, as they did, in the Citizens' Bank, notifying him of the fact.

We think the judgments of the district court and of the Court of Appeal 'correct, and they are hereby affirmed.

See dissenting opinion of PROVOSTY, J., 36 South. 903.