FRUGÉ, Judge.
Plaintiffs, K. D. Berry and E. E. Rains, filed suit in November, 1954, for a monition of property purchased at a tax sale on July 9, 1949. The property had been sold for delinquent 1948 taxes assessed in the name of Edward Hawkins.
Edward Hawkins filed an answer in the nature of a general denial and a reconven-tional demand claiming ownership by virtue of an alleged redemption by paying the redemption price to the Sheriff of Sabine Parish. The trial court rendered judgment in favor of defendant and rejecting plaintiffs’ demand for monition. From this judgment plaintiffs have appealed.
Before trial on this matter, E. E. Rains conveyed his interest in the property in question to J. P. Rains, who was then substituted as a party plaintiff in this suit.
The monition proceeding and reconven-tional demand relate to the following described property, located in Sabine Parish, Louisiana, to-wit:
“The Northwest Quarter of the Northeast Quarter" (NE of NE 14.) of Section 6, Township 8 North, Range 10 West.”
The record discloses that, within the time prescibed by law, the attorney of record attempted to redeem the property 'in the name of Edward Hawkins; tendering by registered mail to the plaintiffs the amount of taxes, costs, interest, and penalties to which they were entitled.[1] Subsequently on De *314 cember 14, 1951 the Sheriff and Ex Officio Tax Collector for Sabine Parish received from Hawkins’ attorney the sum of FORTY TWO AND TO 75/100 ($42.75), which sum represented the full amount of taxes,, interest and penalties due on the property for the purpose of redeeming same from the tax purchasers, K. D. Berry and E. E. Rains.
The reason that plaintiffs refused to accept the redemption price and the only ground now urged on appeal to justify such refusal is that the attorney had no right whatever to redeem this property.
In the instant case, Sammy Morris, the nearest living relative of Edward Hawkins, upon instructions from Hawkins employed the services of the attorney of record in this case to redeem the above-described property. Both Morris and Hawkins testified to this fact and there is no evidence to refute their testimony. Nevertheless, counsel for plaintiffs urges that Morris lacked authority to redeem Hawkins property, citing LSA-C.C. Arts. 2996, 2997 and numerous cases on mandate. We are also referred to LSA-R.S. 47:2105.
Turning then to the issue as set forth above, we note that concerning persons entitled to redeem property sold at a tax sale, L.S.A.-R.S. 47:2222 provides in part:
“The person redeeming property, in whole or in part, shall pay all taxes assessed upon the property redeemed subsequent to the tax sale.
“ * * * the owner or any person interested personally, or as heir, legatee, creditor, or otherwise, may redeem a lot or lots or parcels of ground by paying to the tax purchaser the proportionate taxes due thereon together with interests, costs, and five per centum (5%) penalty thereon. * * *
“The payment required for the redemption of immovable property adjudicated to a purchaser for taxes, may be made either to the purchaser or to tax collector making the sale, or to his successor in office. * * * ”
An examination of the jurisprudence on this question manifests the conclusion that the legislature intended to abrogate the general rules concerning the redemption of immovable property by enacting this statute.
Thus in State ex rel. Busha’s Heirs v. Register of Conveyances et al., 113 La. 93, 36 So. 900, our Supreme Court stated:
“We think that any one may, for the advantage of the owner, as negotiorum gestor, make payment for him of the redemption money, even without his knowledge. Civ.Code, arts. 2133, 2134. There is a great difference between redemption under a conventional sale with power of redemption and redemption under a tax sale. In the former the title is transferred by the consent of the owner with conventional obligation assumed by the transferee on the requirement of the owner to transfer to him. Unless and until the former owner exercises this right, the title to the property remains where the former owner had himself placed'it. In a tax sale the owner has given no consent; on the contrary, so far as he is concerned, the sale is an enforced one, and adverse to his interests.”
Similarly, in Stoufflet v. Duplantis, 208 La. 186, 23 So.2d 41, the Court announced:
“The attorney had a right to redeem the property in the interest of his client under the provisions of Act 47 of 1938, authorizing an owner or other person interested in the property to redeem it. Of course, it would have had to be redeemed in the name of the tax debtor. This was done.”
See also Richards v. Nylka Land Co., 143 La. 650, 79 So. 208.
It seems obvious from these decisions that the laws regulating tax sales and the redemption of property sold at tax sales are sui generis and constitute a system to which *315 the general provisions of our Civil Code have little, if any, application.
Thus the articles of the Civil Code on mandate are not applicable to the facts of the case at bar. As to the decisions cited by counsel for appellants, it suffices to say that none of these cases considered the question of who may redeem property sold at a tax sale. We are also of the opinion that LSA-R.S. 47:2105 is not pertinent to the case at bar, since it governs the circumstances under which property taxes may be paid by a person other than the tax debtor and not the right of redemption of property adjudicated at a tax sale.[2]
Therefore, in conclusion, we are of the •opinion that the trial court was correct in rejecting plaintiffs’ demand for monition and cancelling their tax deed.
For the reasons assigned herein, the judgment of the trial court-is affirmed; plaintiffs-appellants to pay all costs of this appeal.
Affirmed.

. Article 10, Section 11 of the Louisiana Constitution of 1921, LSA provides that property sold at a tax sale may be redeemed within three years from the rec-ordation of the tax sale.

. The pertinent part of LSA-R.S. 47:2105, as manifested by counsel for appellants, provides: “The state tax collectors on behalf of the state and parish authorities and the tax collectors of the municipal authorities of the various towns and city governments and political subdivisions throughout the state are authorized to receive payment from any person other than the person in which name the property has been assessed, of any taxes demandable by the state, parish, municipal corporation, or other political subdivision, after the date upon which such tax becomes delinquent, and to subrogate the person paying the same to all rights, liens, and privileges of the state, parish, or municipal corporation or political subdivision, incident to or growing out of the tax and its recordation in the office required by law; provided, that when such payment is sought to be made by any person not holding a bond or note secured by a mortgage or privilege upon the taxed property, the written - consent thereto of the taxpayer must be filed with the tax collector.”