BARON B. BOURG, Judge Pro Tem.
This is a mandamus proceeding by the owner of certain property to compel the recorder of mortgages for the Parish of Jefferson to remove from his mortgage certificate a notice of lis pendens. The owner of the adjoining property that is the subject of the lis pendens intervened in the suit claiming that the inscription of the lis pendens on plaintiff’s certificate was proper and should not be removed. It was stipulated by all parties that the lis pendens as filed did not in any way describe the property owned by the plaintiff but described property which completely surrounds and encircles that of the plaintiff.
After a trial on the merits, the trial court made the writ of mandamus peremptory and ordered the Clerk of Court to remove from the plaintiff’s mortgage certificate the notice of lis pendens. From that judgment the Clerk of Court has taken a devolutive appeal and the intervenor has taken a suspensive appeal.
On a finding that the trial court correctly ordered the removal of the lis pendens from’ the plaintiff’s certificate, we affirm.
The only access to plaintiff’s property is over dedicated roadways. The ownership of these roadways and the legality of the dedication is in dispute in the primary litigation for which the lis pendens was filed.
The appellants rely on Art. 3751 of the Code of Civil Procedure to defend the inscription of the lis pendens on plaintiff’s certificate. The Article reads as follows:
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.”
The appellants contend that, after examining the plan of resubdivision, which was recorded in the Mortgage Office, and the intervenor’s notice of lis pendens, the Clerk concluded that the outcome of inter-venor’s lawsuit could “affect” the title to plaintiff’s property within the meaning of Art. 3751.
They contend that if the intervenor wins the primary suit, plaintiff would be bound *560 to indemnify intervenor to acquire a right-of-way to his enclosed estate. The enclosed estate is furthermore only entitled to have the right-of-way placed in the least injurious location and therefore, the necessity of litigation to determine such a location would be apparent.
The plaintiff contends that the purpose of a notice of lis pendens is to protect the interests of the one filing the notice, against third parties. After date of filing the notice, all third parties having any dealings concerning the property described in the notice are bound by the outcome of the litigation. The person filing such a notice is claiming ownership, a mortgage or privilege on the property described. In the present case, all parties agree that the property described in the notice does not include that of plaintiff’s and the interve-nor is not asserting any claim on plaintiff’s property.'
Plaintiff further contends that* such a situation as the present is not encompassed in the phrase “affecting the title to” nor does it conform to the spirit and purpose of Art. 3751.
We find no error in the trial court’s determination that the plaintiff’s interpretation of the law is correct. The Article is clear and unambiguous. The notice of lis pendens did not describe the plaintiff’s property nor was the intervenor attempting to assert any title to, privilege or lien on the plaintiff’s property by filing the notice. While the eventual outcome of the intervenor’s primary suit may affect the value of plaintiff’s property or its desirability to future purchasers, it has no affect on the title itself. The Article is clear that the purpose of the notice is to apprise third parties that someone is asserting a privilege or lien by legal proceeding on the property described therein. None has been asserted against plaintiff’s property in the intervenor’s primary suit nor is it alleged in his notice of lis pen-dens.
The appellants finally contend that a mandamus is the improper remedy in the present situation because a mandamus is only available to compel a public officer to perform a ministerial act and not to compel him to perform a discretionary duty. The Clerk contends that his decision to show the notice of lis pendens on plaintiff’s certificate was a matter of judgment and discretion and not the exercise of a purely ministerial duty.
Plaintiff, however, refers us to numerous cases standing for the proposition that mandamus is the proper remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. See: Savage v. Holmes, 15 La.Ann. 334; State ex rel. Deblieux v. Recorder, 25 La.Ann. 61; Lanaux v. Recorder of Mortgages, 36 La.Ann. 974; State ex rel. Busha’s Heirs v. Register, 113 La. 93, 98, 36 So. 900.
We find these cases dispositive of the issue in the instant case. Since the property of the plaintiff is not the same as that described in the notice of lis pendens, the inscription of the notice on plaintiff’s mortgage certificate is an unauthorized and illegal inscription for which mandamus is the proper remedy.
For the foregoing reasons, the judgment of the trial court ordering the Clerk of Court to remove the notice from plaintiff’s certificate is affirmed. Costs of this appeal are assessed against the two appellants.
Affirmed.