PICKETT, Judge.
This is an action to determine the respective interests of the parties to Lots One through Five, Block Five, of the Washington Addition to the City of Boga-lusa.
Plaintiff, Laura Houston, born Laura Kilpatrick, in the town of Beaumont, Perry County, Mississippi, based her claim on an alleged marriage to one Pearlie Warner, now deceased, on or about August 22, 1923. Mr. Warner acquired the prop *92 erty by three separate transactions in 1947. With respect to lots Three, Four and Five, the acts of sale show Pearlie Warner as the vendee. With respect to lots One and Two, the act of sale shows Pearlie Warner and the defendant, Flossie Mondy, as co-vendee.
Plaintiff contends that Pearlie Warner’s interest became community property. The defendant raised an exception of no right of action which was referred to the merits. The exception was based on a certificate of marriage between one Arrie Murie and one Laura Kilpatrick. The Clerk of Court for Perry County, Mississippi, certified that the official records of that county show a marriage between those parties on January 11, 1920, celebrated by the Rev. C. Washington.
At the trial, plaintiff simply denied any knowledge of such a marriage. At that point, the trial judge stated he could not determine whether this marriage had taken place and overruled the exception, holding that the defendant exceptor had not carried the burden of proof.
We find that this ruling was erroneous. Under the provisions of our ancient documents law R.S. 13:3728-13 :3731, the fact that an official record has been recorded for a period of thirty years establishes a prima facie presumption of its execution and validity. R.S. 13:3730 reads as follows :
“It shall be unnecessary for any ancient document, as defined in R.S. 13:3729, to be acknowledged or proven as provided by any act, statute or other law of the state in order for such ancient document to be admitted in evidence, and it shall be unnecessary to prove the execution of such document, the mere fact of such instrument having been recorded for a period of thirty years, as herein provided, being sufficient to establish a prima fa-cie presumption of the execution and of the genuineness of such instrument.”
In Watkins v. Zeigler, 147 So.2d 435 (La.App. 2nd Cir. 1962), the court held that under the ancient document statute, the burden of proof is upon those who assail the ancient document to overcome the presumption of its prima facie validity. Black’s Law Dictionary defines the term “prima facie” as follows :
“At first sight; on the first appearance; * * * presumably; a fact presumed to be true unless disproved by some evidence to the contrary.” (Emphasis supplied).
Once an ancient document is introduced into evidence, the burden of proof is upon the one who assails the document to overcome the presumption of its prima facie validity. To contradict the certificate of marriage between Arrie Murie and Laura Kilpatrick the plaintiff offered no writing or other evidence except her simple denial of the marriage. A simple denial by plaintiff in this instance is insufficient. She failed to show affirmatively that the record is in error or that if a marriage did take place it was terminated prior to the alleged marriage to Pearlie Warner.
We find the exception meritorious. This action should have been dismissed on that ground.
Should plaintiff refile this suit and succeed in showing that no impediment existed at the time of the alleged marriage to Pearlie Warner, we make the following observations. The record indicates a marriage between Pearlie Warner and the defendant Flossie Mondy in 1948. It is shown that the lots were unimproved when purchased in 1947, but thereafter improvements were constructed on some or all of them. The trial judge, in determining the fractional interests of the parties, apparently did not take into consideration the possibility of a putative marriage in favor of Flossie Mondy, or the value of any improvements made during the marriage. Although the trial court did not find the fractional interests to be the same on all of the lots, he failed to find which lot or lots were improved. Evidence should be adduced on these issues if the suit is refiled.
*93 For the above and foregoing reasons, the judgment of the trial court in overruling defendant’s exception of no right of action is reversed and judgment is hereby rendered in favor of defendant-appellant Flossie Mondy dismissing plaintiff-appellee’s suit, at the latter’s costs.
Reversed and rendered.