BOUTALL, Judge,
dissenting.
This is a title dispute brought by the heirs of Antoine Rovira and his wife against the heirs of Houston L. Wood involving a tract of land in the Third District of the City of New Orleans. The deraignment of title is rather complex, but the issue narrows down to the effect of a Notarial Act passed before Gabriel Fernandez, Jr. dated August 1,1917, purporting to be a sale from the Third District Land Company, Ltd. to Houston L. Wood of the subject property described as lots Nos. 2, 3 and 6, in Folio 283, Section 14, Township 12 South, Range 12 East, containing 97 & 97/100 acres. The Rovira heirs claim title based upon an Act of Sale dated February 20, 1861 from the City of New Orleans to Antoine Rovira, and contend that the above described act was only a redemption of a tax sale, and Houston L. Wood was acting as agent or negotiorum gestor for the Rovi-ra heirs. The Wood heirs contend that the act of sale is simply what it purports to be and rely upon it as conveying title to Houston L. Wood. The trial court declared title to be in the Rovira heirs and the Wood heirs have appealed. The majority of this court would affirm, and I would reverse.
Because of the deaths of the parties involved in the circumstances surrounding the Act of August 1, 1917, there is no direct testimony offered in connection therewith. In order to understand the contentions of the parties, I relate the following summary of events based upon-documents offered in evidence.
Antoine Rovira acquired the subject property, lots 2, 3 & 6 of Section 14 by Act of Sale from the City of New Orleans, *868 dated February 20,1861, pursuant to a public auction at which he, being the highest bidder, paid the price of $63.68. He also acquired other real estate consisting of a similar tract in Section 5 and several city squares, all in the Third District of New Orleans. Antoine Rovira died December 14, 1871 and a succession was opened a week later, however there is no judgment of possession contained therein. Subsequently, the property assessed in the name of Antoine Rovira, under a vague description, was adjudicated to the State of Louisiana for unpaid taxes of the year 1882. By Act dated March 5, 1901, the widow and children of Rovira gave a power of attorney to Louis E. Valloft, enabling him to redeem or reclaim the property previously sold at tax sale. There then ensued a series of lawsuits filed by the Roviras and others concerned with the property. I refer to Dockets No. 70,105 and 77,407 of the Civil District Court of the Parish of Orleans, In Re: Quaker Realty Company; In Re: Valloft, 127 La. 208, 53 So. 526 (La.S.Ct. 1910) and Docket No. 15088 of the Docket of the United States District Court for the Eastern District of Louisiana. The result of all of this litigation is to leave the title to the subject tract very much in doubt. I point with particularity to a state auditor’s deed dated October 26, 1903 in favor of a certain Alfred Thompson, based upon the tax sale for 1882 taxes under a vague inscription, but which purports to be the subject property, and to the suit of the Rovira heirs directly against Alfred Thompson, Docket No. 86,482 of the Civil District Court of the Parish of Orleans. This suit did not go to judgment, and apparently was abandoned.
As a result of the abovementioned law suits titles to the similar tract in Section 5 and to the squares of ground owned by Rovira were eventually settled, but none of them settled the validity of the 1882 tax sale and the subsequent State Auditor’s Deed to Thompson. During this period of time, the property was apparently not carried upon the tax rolls. Later for some reason not ascertainable from the record, the property was again placed upon the tax rolls in 1913 in the names of “Heirs of A. Rovira and wife.” The City taxes for the year 1913 were not paid and this resulted in a tax sale by the City of New Orleans to the Third District Land Company on July 26, 1916. Subsequently the Third District Land Company conveyed the property to Houston L. Wood by the Act of Sale before Fernandez dated August 1, 1917, which is the conveyance in question before us.
Shortly thereafter, the property was sold for the 1916 State Taxes to a certain A. J. Kolwe on June 23, 1917. The same Notary Public, Gabriel Fernandez, Jr., who passed the Act of Sale to Wood, attempted a redemption of the State Tax sale with John Rovira, one of the Rovira heirs, on August 6, 1917 and made proces-verbal relating that Kolwe refused to redeem. Accordingly, on August 29, 1917 the property was redeemed by virtue of paying the redemptive amount to the State Tax Collector.
It should be noted that from the time of the sale to Wood, there has been no alienation in Wood’s name, so that the property stands upon the public record in the name of Wood. At the same time, there has been no change in the assessment of the property, and the property has stood assessed in the name of Heirs of A. Rovira and wife from 1913 to the present date. The record does not show who paid the taxes during this period of time, however it does disclose a tax sale for the City Taxes of 1929 to the City of New Orleans and a cancellation of that tax sale for erroneous adjudication on June 22, 1960. The record also shows a redemption from the City of New Orleans to the heirs of A. Rovira for 1921 taxes dated that same date. Lastly, we call attention to a redemption from Andrew J. Kolwe to the heirs of Rovira dated August 16, 1933.
With this background, let us now proceed to consider the issue on this appeal. It is elemental that the Rovira heirs, being plaintiffs herein, bear the burden of proving a superior title to the defendants.
An examination of the questioned act of sale to Houston L. Wood discloses that it is on the usual form of cash act of sale used *869 by notaries in the area. The only thing noteworthy about it is the consideration stated, the sum of $81.00 cash. That sum closely conforms to the amount necessary to effect a redemption of the property. The trial court found “That the actions of Mr. Wood were on behalf of all of the co-owners, and that his actions amounted to a redemption and was not in the nature of a sale.” In support of this finding, the Rovira heirs introduced evidence to show that one of the children of Antoine Rovira and wife was Josephine Rovira Witham. In turn Josephine had a daughter Regina Witham Valloft (wife of the Valloft holding the Power of Attorney referred to above) and in turn Regina had a daughter Claire Valloft. Houston L. Wood was married to Claire Valloft April 14, 1917.
It is contended in argument that the Rovira property had been looked after by Valloft because of his marriage to the daughter of Josephine Witham, and after Valloft died the burden of looking after the property was designated by Regina Witham Val-loft to her son-in-law Wood. To prove this proposition, the Roviras attempted to introduce testimony of two witnesses, but this testimony was correctly excluded from evidence by the trial judge.
Although the trial judge did not specify upon what basis he reached his conclusion that Wood acted for the Roviras, an examination of the record discloses the following evidence in support thereof which I summarize: 1.) The price of the cash act of sale is consistent with the amount necessary to redeem the property; 2.) Houston L. Wood was the husband of one of the prospective Rovira heirs; 3.) the redemption of the property by John Rovira and Gabriel Fernandez, Jr., the same notary public and attorney who passed the Wood act, at the same general time frame as the Wood act; 4.) the tax assessment has continued to remain in the name of Heirs of A. Rovira and wife since 1913 and the later tax re-demptions mentioned above; 5.) the property was included in the successions of some Rovira heirs at a later date and 6.) the proffered testimony of witnesses tending to show circumstantially a handling of the Ro-vira property by Wood.
In contradiction of this evidence I note the following: 1.) The act in favor of Wood is regular notarial act of sale and not in the form of a redemption; there is no evidence as to value of the property at the time in question, but it is noted the acquisition was for $63.68, that the property was vacant marsh land and because of the prior tax sales, auditor’s deed and lawsuits had a very litigious title; 2.) at the time of the act Wood was not an heir, nor was his wife an heir, but only a prospective heir 3.) there is no written evidence which would indicate the ultimate purpose of Fernandez, the attorney; (it is as easy to presume that Fernandez was attempting to assist Wood in acquiring title, and hence effected the redemption with John Rovira to aid Wood, as it is to assume that Fernandez was effecting a redemption on behalf of the Rovi-ra heirs and used Wood as a method of helping the Rovira heirs) 4.) the property has remained in the title name of Wood for an equally long period of time and there is no proof as to who paid the subsequent taxes; 5.) the subject property was not included in the successions of a number of the Rovira heirs; 6.) there is evidence to show that Wood had property dealings on his own, which would tend to indicate that he might desire to acquire the property for himself, and had the means to do so.
In considering the complex and conflicting evidence before us, we must first note that the document in question is on its face an authentic act of sale conveying title to Houston L. Wood.
It has been recorded for more than 22 years as provided in L.R.S. 13:3727 and more than 30 years as provided by L.R.S. 13:3729 and 3730. It qualifies as an ancient document and as such there is a prima facie presumption of its genuineness and it is deemed prima facie proof of its contents. Under these statutes, the burden of proof is upon those who assail an ancient document to overcome these presumptions. Watkins v. Zeigler, La.App., 1962, 147 So.2d 435; *870 Roy v. Elmer, La.App., 1963, 153 So.2d 209; Houston v. Mondy, La.App., 1974, 306 So.2d 91. See also Osborn v. Johnston, La.App., 1975, 308 So.2d 464.
In attempting to overcome the recorded act of sale the plaintiffs are also faced with other pertinent requirements. It is a basic premise of Louisiana Law that the terms of an authentic act may not be varied by parol evidence and are to be considered as they purport to be with only few exceptions. C.C.P. Art. 2236, Franton v. Rusca, 187 La. 578, 175 So. 66 (1937); Cernich v. Cernich, 210 La. 421, 27 So.2d 266 (1946). Facts affecting title to real estate are required to be in writing and a title may not be established by verbal testimony. C.C.P. Art. 2275, Ceromi v. Harris, 187 La. 701, 175 So. 462 (1937); Cookmeyer v. Cookmeyer, La.App., 1973, 274 So.2d 739. This rule applies in the case of agency where real estate is concerned. L.C.C. Art. 2992; White v. Batson, La.App., 1975, 317 So.2d 205; King v. Hutchinson, La.App., 1974, 303 So.2d 534 Bray v. Boyd, La.App., 1973, 286 So.2d 508. Parol evidence is inadmissible to prove that the person whose name appeared in a deed was only the agent and not the purchaser. Serio v. Chadwick, La.App., 1953, 66 So.2d 9. Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680 (1949); Hackenburg v. Gartskamp, 30 La.Ann. 898 (1897).
The parol evidence rule applies not just to the oral testimony of witnesses, but it also applies to documents of an extraneous nature, and is a rule of substantive, not evidentiary law. See Wigmore on Evidence, Sec. 2400. There are no allegations of fraud involved in this case. We are faced with the question of overturning an authentic Act of Sale on the public records for more than 50 years on the basis of circumstantial documentary evidence, and the conclusions that may be drawn therefrom. As set out above, a comparison of the evidence indicates that the evidence is not in such status that the judge can say that the fact of agency is more likely to exist than the opposite fact. In this case, one conclusion is as likely as the other, and the court cannot overturn an authentic act upon such circumstantial evidence.
Nevertheless, the Rovira heirs urge to us that cases involving tax sales and redemptions differ from the usual laws relating to title to property, and in this regard they refer to the following cases: Alexander v. Light, 112 La. 925, 36 So. 806 (1904); Gulf Oil Corp. v. Olivier, 412 F.2d 938 (5th Cir. 1969); In Re Berry, 148 So.2d 313, La.App., 1962; Bossier v. Herwig, 112 La. 539, 36 So. 557 (1904); State ex rel. Busha’s Heirs v. Register of Conveyances, 113 La. 93, 36 So. 900 (1904); Newman v. McClure, 62 So.2d 126, La.App., 1952; White v. White, La.App., 1970, 233 So.2d 289. On the basis of these cases they contend that Houston L. Wood was a negostiorum gestor, that he possessed an identifiable interest as the husband of a co-heir of the property, and that his act, whether it be called a redemption or an act of sale, was for the benefit of all of the Rovira heirs. I have examined the cases referred to and find none of them to be factually consistent with this case. I quite agree that our courts have stated that the laws regulating tax sales and redemption of property sold at tax sales are sui generis and constitute a system to which the provisions of our Civil Code have little or no application (See In Re: Berry, supra) but at the same time, the law must have some consistency to it and some basis of legislative purpose and intent. I note that in each of the cited cases there was a definite showing of the interest of the redeeming party, and in some cases there was simply outright fraud. In our case the evidence simply does not support a finding that Wood was a party at interest, or that his relationship to a co-heir, at that time Josephine Rovira Witham, his grandmother-in-law, was so close as to consider his actions standing alone as being done on behalf of those heirs.
For the reasons above assigned, I would reverse the judgment of the trial court and render judgment in favor of the appellants, the heirs of Houston L. Wood, and against the plaintiffs-appellees, the heirs of Antoine Rovira and wife, declaring the heirs of *871 Houston L. Wood to be the true and lawful owners of the property.
Therefore, I respectfully dissent.