H. WARD FONTENOT, Judge Pro Tem.
On August 9, 1983, a cash sale deed was executed in the Parish of Avoyelles before a Notary Public of that parish. It recited the vendors to be:
“ALBERT G. BELCHER, married to and living with BETTY KELONE BELCH-ER, and the said BETTY KELONE BELCHER,....”
The vendee was recited to be:
“J. Carlise (sic) Montgomery, married to and living with Jan LaBorde Montgomery ... residents of Marksville, Avoyelles Parish, Louisiana; pursuant to an order of the court of Adams County, Mississippi, in cause Number 27,548, being the conservatorship of J. Carlise (sic) Montgomery.”
The property sold is described in pertinent part as follows:
“A certain lot or parcel of land, together with all buildings and improvements consisting of approximately 5.53 acres, more or less....”
This sale was made for the recited consideration of $85,000.00, cash in hand paid, the receipt of which was acknowledged.
In March, 1984, a petition was filed by Betty Kelone Belcher against J. Carlisle Montgomery and Jan Montgomery for the collection of two different sums of money. The petition alleges first that $20,000.00 of the $85,000.00 sale price mentioned above had not been paid and was still due and owing. Second, the petition said that the defendants had agreed to pay the petitioner the sum of $11,000.00 for furniture which was located in a house on the described property.
Defendants filed a general denial initially and later filed an exception entitled “Non-joinder of Indispensable Party and No Right of Action.” In the latter pleading, *1092 the defendants excepted on the basis that Albert G. Belcher was an indispensable party to the proceedings and should be joined in the action. The trial on the merits and the exception were heard simultaneously.
Betty Kelone Belcher and Albert G. Belcher, also known as Glen Belcher, had never married but had lived together for fifteen years. The Belchers had separated and Albert G. Belcher had made a manual gift to the plaintiff of the furniture which the couple owned at the time that he departed.
The evidence disclosed that the full $85,-000.00 was, in fact, paid at the time of the sale. For reasons best known by the parties and not fully explained, the sale price was paid in several checks, one of them being for the sum of $20,000.00. This latter check, after being received by Mrs. Belcher from the conservatorship, was endorsed by Mrs. Belcher and given to Jan LaBorde Montgomery.
Another side agreement which Mrs. Belcher and Jan Montgomery had made was that the furniture in the home would be sold to Jan Montgomery at the time the real estate sale was closed. The sale price agreed upon by the parties was disputed at the time of the trial; Jan Montgomery said the price agreed upon was $6,000.00 and Mrs. Belcher said that the price was $8,500.00.
The trial court found that plaintiff's first claim, the $20,000.00 on the sale price, had no merit because that sum was, in fact, paid and the subsequent transfer to Jan Montgomery by Betty Belcher was for a personal fee which Mrs. Belcher had agreed to pay to Jan Montgomery for arranging the sale. The court then recognized that the side agreement regarding the furniture was binding and the court adopted the figure testified to by Mrs. Belcher and her witnesses. An award was made in that amount along with some incidental costs for storage.
Appellant specifies as error the failure of the trial court to sustain the Exception of Non-Joinder of Indispensable Party. Appellant’s objection is not well taken.
Plaintiff-appellee’s petition alleged two causes of action which are independent, although they appear at first glance to be related. ’
On the claim jfor non-payment of the purchase price, appellant’s exception may have had merit, but in view of the court’s holding, the issue is now moot. The finding that the $20,000.00 was in fact paid and no longer owed defeated plaintiff’s claim on that cause. The appellants cannot be heard to say that the trial judge correctly dismissed the claim but that he did so for the wrong reason. There is nothing to appeal. La.C.C.P. Art. 2082; Lake Charles Memorial Hospital v. Sinegal, 440 So.2d 1358 (La.App. 3rd Cir.1983).
The second cause is for the sale price of furniture which was owned solely by Betty Belcher. There was no evidence to contradict her allegation and testimony that she and Albert G. Belcher were never married, and that he had made an effective gift of any interest he had in the furniture to her before her agreement with Jan Montgomery. Appellant points to the recitation in the cash deed of the real property with the argument that these declarations before a notary public have some binding effect on the partiep in this second claim. However, that cash deed makes no mention of the furniture and is not the instrument which transferred title to the furniture. iji view of the uncontradicted evidence regarding the.marital status of Betty Belcher ana of her full ownership of the furniture, the agreement between Mrs. Belcher and Jan Montgomery was an agreement between two people only. Appellant, as exceptor, did not carry the burden of proving that Albert G. Belcher had an interest in this transaction. The trial judge was correct in finding that he was not an indispensable party to an action for the sale price. Houston v. Mondy, 306 So.2d 91 (La.App. 1st Cir.1974). The actions of the trial judge are affirmed at appellant’s cost.
AFFIRMED.