The concluding paragraph of Code Prac. art. 274, is controlled by the provisions of Code Prac. art. 279, agreeably to which any sequestration, whether judicial or otherwise, save in cases of failure, may be released on bond.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Louisia Jackson against Louis H. Crillton and others.  Judgment for defendants, and plaintiff appeals.  Reversed and remanded.

Francis Rivers Richardson, for appellant. James Clark Henriques, for appellee.

MONROE, J.  Plaintiff appeals from a judgment denying her the right to bond a judicial sequestration of the real estate herein sought to be partitioned; more than 10 days having elapsed from the date of the sequestration, and the defendants having made no effort to exercise that right.

This court has held that the concluding paragraph of Code Prac. art. 274, reading: "In such cases, sequestration [referring to the judicial sequestration of real property] may be ordered to continue until the question of ownership shall have been decided"—is governed by the provisions of Code Prac. art. 279, which authorizes the bonding of any sequestration, save in cases of failure.  State ex rel. Taylor v. Judge, 26 La. Ann. 65; State ex rel. Des Allemands Lumber Co. v. Judge, 110 La. 853, 34 South. 804; Ramos Lumber Co. v. Sanders, 112 La. 614, 36 South. 625.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and the case remanded to the district court, to be there proceeded with according to law and to the views herein expressed; the defendant (appellee) to pay the costs of the appeal.

---

(46 South. 101.)

No. 16,530.

BENTLEY et al. v. CAVALLIER.

(March 30, 1908.)

1. TAXATION—TAX SALE—REDEMPTION.

One who has possessed a tract of land as owner for a number of years is considered in law as provisional owner, with exclusive rights of entry and possession, and is entitled to redeem the land from a tax sale.

2. SAME—TENDER BY REDEMPTION.

Where land has been sold at tax sale, a tender of the price, with costs and penalties, made to the purchaser within the year following, will work a redemption of the property and wipe out the tax title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1436, 1437.]

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Paul Léche, Judge.

Action by L. E. Bentley and others against Armantine Cavallier.  Judgment for defendant, and plaintiffs appeal.  Affirmed.

Richard McCall McCulloh and Benny Joseph Véga, for appellants.  Edward Nicholls Pugh, for appellee.

LAND, J.  This is an action, petitory in form, to recover 160 acres of land in the possession of the defendant.  Plaintiffs claim under a tax sale made in 1901, on an assessment for 1900, in the names of "Landry & Dugas," who, it is alleged, acquired title in 1895 by patent from the United States.

Defendant for answer alleged possession in herself and authors for more than 30 years, and that she redeemed said land within a year from the date of said tax sale by a tender and deposit of the purchase price, including costs and 20 per cent. thereon, as

required by law. Defendant further alleged that the plaintiffs refused to accept said tender and deposit on the ground that she had no title to the property.

The case was tried, and there was judgment in favor of the defendant. Plaintiff has appealed.

The patent issued to Landry & Dugas in 1895 was supplemental to a patent issued to them in 1847. It does not appear that the said patentees are known, or have ever claimed the land or paid any taxes thereon. In the year 1900 the tract was assessed to "Landry & Dugas," and in June, 1901, was sold for delinquent taxes. L. E. Bentley and H. Thompson Brown purchased at the tax sale for the sum of $15.78, but before the expiration of the year the defendant, in May, 1902, tendered and deposited the amount required by law to redeem the property. Replying to the notification of the sheriff that the deposit had been made for their account, the plaintiffs declined to accept the same on the ground that Mrs. Cavallier had no legal or valid right, title, or claim to the property, and therefore was without right or privilege to redeem. In 1904 the plaintiffs attempted to dispossess the defendant, who thereupon brought a possessory action, coupled with a mandatory injunction, against them. In February, 1905, the defendant was restored to her possession by judgment of the court.

On the question of possession the judge found that the property has been in possession of the defendant and her deceased husband since the year 1887. In that year Cavallier moved on the land, erected thereon his humble dwelling, and cleared a portion for cultivation. After his death in 1893 his widow and family resided continuously on the land until the year 1901. Then the defendant, left alone by the marriage of her daughter, lived for a while with her children, and also with a neighbor, who took charge of the property and put a tenant in the house. In order to protect her rights in the premises during her absence, she conveyed the land by notarial act to this same neighbor. On her return the deed, which had never been recorded, was destroyed. In 1902, as already stated, she claimed the property and offered to redeem it.

"A person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another." Rev. Civ. Code, art. 3488.

"When a person has once acquired the possession of a thing by the corporal detention of it, the intention which he has of possessing suffices to preserve the possession in him, although he may cease to have the thing in actual custody, either himself or by others." Rev. Civ. Code, art. 3442.

This intention is presumed "where a contrary intention does not appear decidedly; so that, although a person may have abandoned the cultivation of his estate, he shall not therefore be presumed to have abandoned the possession." Rev. Civ. Code, art. 3443.

Hence the temporary absences of the defendant from the premises are without legal significance. The unrecorded transfer of the property to Goudain was a harmless simulation, and was revoked by mutual consent. It had no legal effect on defendant's rights, because she had no intention to divest herself of possession. Rev. Civ. Code, art. 3448.

Defendant was therefore, in possession of the property as owner when the assessment and tax sale in question were made, and when she offered to redeem the property in 1902. Even a possessor in bad faith is considered provisionally as owner until the right of the true owner is established. Rev. Civ. Code, art. 3454.

Every one who has possessed an estate for a year is entitled to be maintained in possession, or to be restored to it, in case of eviction by force or otherwise. Id.

Moreover, such a possessor may acquire the property by prescription. Id. Hence, under the law and facts of this case, the defendant, when she offered to redeem in 1902, was not a trespasser on the land, but was re-

garded in law as the provisional owner of the property. It has been adjudged, against the plaintiffs, that the defendant was entitled to be restored to and maintained in possession of the whole tract. Being considered in law as the owner for the time being, the defendant comes within the letter of the law authorizing the "owner" to redeem property sold at tax sale.

Plaintiff's contention that no one excep' the holder of the technical legal title can redeem would exclude even the real owner by a prescriptive title good against the world.

In Alter v. Shepherd, 27 La. Ann. 207, it was held that a mortgagee was a quasi "owner," and as such was entitled to redeem. The court cited Blackwell on Tax Titles, marg. p. 423, in support of its decision, and we excerpt the following from the quotation:

"The estate may have been mortgaged to secure a debt, and judgment creditors may have liens upon it, and the land may be in the adverse possession of a stranger to the title, and whose possession may be ripened into a right. Each is an owner to the extent of his interest or claim, and each has a right to protect his interest by a redemption from the tax sale."

The Alter Case was cited in State v. Register of Conveyances, 113 La. 98, 36 South. 900, and the court further said:

"We think that any one may, for the advantage of the owner, as negotiorum gestor, make payment for him of the redemption money, even without his knowledge. Rev. Civ. Code, arts. 2133, 2134."

In that case certain persons claiming to be heirs offered to redeem, and the tax purchaser disputed their title and right to interfere. In Dubois v. Hepburn, 10 Pet. (U. S.) 23, 9 L. Ed. 325, the court said:

"Any right, which in law or equity amounts to an ownership in the land, any right of entry upon it, to its possession or enjoyment, or any part of it which can be deemed an estate in it, makes the person an owner, so far as it is necessary to give him the right to redeem."

In a recent Alabama case it was held that an adverse possession for 10 years, without title, was sufficient evidence of ownership to entitle the possessor to redeem. Roach v. State, 39 South. 685. It cannot be doubted that under the laws of this state the defendant occupied the position of owner for the time being, with a right of entry and possession. Her apparent right entitled her to redeem.

The tender and deposit of the purchase price, with cost and penalties, worked a redemption. Cooley on Taxation (3d Ed.) 1027, citing Brooks v. Hardwick, 5 La. Ann. 675; Basso v. Benker, 33 La. Ann. 432; Spanier v. De Voe, 52 La. Ann. 581, 27 South. 174; Taylor v. Moise, 52 La. Ann. 2016, 28 South. 237, and cases from other states.

Judgment affirmed.

PROVOSTY, J., dissents.