LECHE, J.
At a public tax sale, on August 2, 1910, the treasurer of the city of New Orleans adjudicated to defendant a certain lot of ground with improvements thereon for the unpaid city taxes of the year 1908. Within the time prescribed by law plaintiff offered and attempted to redeem the property by tendering to defendant the amount of .taxes, costs, interest, and penalties to which it was entitled, but the latter refused to accept the tender, and the only ground now urged on appeal to justify such refusal is that plaintiff had no right whatever to redeem said property either as owner, legatee, mortgagor, or creditor.
[1, 2] Plaintiff, in her effort to redeem the property, acted in the capacity of owner, and the law upon that subject has been several times reviewed by this court. It is now an established rule, recognized by our jurisprudence, that the word “owner,” as used in the revenue law, does not only mean one who owns by a perfect title, but also includes one who possesses as owner. In fact, the text of the statute extends the right of redemption to an “owner or any person interested personally,” etc. Section 62, Act 170 of 1898, p. 376. It was said in the case of Alter v. Shepherd, 27 La. Ann. 209, in reviewing the effect of a tax sale as to the right of redemption:
“The sole object of the state is to collect its revenues, and not to destroy rights, further than is absolutely necessary to effect such collection; and the right to redeem, we think, still exists in the owner or quasi owner,” etc.
Again, in the case of State ex rel. Busha’s Heirs v. Register of Conveyances, 113 La. 100, 36 South. 902, we said:
“We think that any one may, for the advantage of the owner, as negotiorum gestor, make payment for him of the redemption money, even without his knowledge.”
See C. C. arts. 2133, 2134.
In the case of Bentley v. Cavallier, 121 La. 60, 46 South. 101, where the adjudicatee at tax sale attempted to deprive the defendant of the right of redemption on the ground that she had no title, this court said:
“One who has possessed a tract of land as owner for a number of years is considered in law as provisional owner, with exclusive rights of entry and possession, and is entitled to redeem the land from a tax sale.”
[3] The plaintiff in this case is in a situation very similar to that of Mrs. Cavallier in the last-quoted case. The record shows that she, and before her her late father, from whom she has inherited, have been in the quiet, open, continuous, and undisturbed possession as owner of the property in dispute for a number of years. We are therefore of the opinion that she is entitled to the right of redemption. Her right to redeem was recognized 'by the judgment appealed from, and that judgment is affirmed.