**(101 South. 270)**

No. 24746.

**HAYES et al. v. FRIDGE.**

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ⟲725—**Redemption from tax sale by deceased's widow held to relieve claimants of his estate from such obligation.**

Where putative wife redeemed from tax sale of deceased husband's property, and where deed established clear and positive intent to place property in same condition as prior to tax sale, etc., brothers and sisters of deceased entitled to succeed to his estate were under no obligation to take further action in that behalf.

2. **Taxation** ⟲697(4)—**"Owner," within statute relating to redemption of tax sale, not limited to one having perfect title.**

Under Act No. 170 of 1898, § 62, giving right of redemption from tax sale to owner or any person interested personally, etc., word "owner" is not limited to one having perfect title, but includes one possessing as owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Owner.]

**3. Descent and distribution ⊙⟹69—Succession; attempted reconveyance after redemption to purchaser of land at tax sale held no effect.**

Putative wife who, after death of husband, claimed his estate, *held* under obligation to redeem property sold for taxes for benefit of brothers and sisters of deceased entitled to it, so that after such redemption an attempted reconveyance to purchaser at tax sale, after time for redemption had expired, was fraudulent and of no effect.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Thaddeus W. Hayes and others against John R. Fridge. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

Kernan & Wall, of Baton Rouge, for appellants.

Cross & Moyse, of Baton Rouge, for appellee.

By the WHOLE COURT.

ST. PAUL, J. This is a petitory action. Plaintiffs are the brothers and sisters of William Hayes, who died intestate on May 31, 1910, leaving neither ascendants nor descendants, and owning the land in controversy.

On that day the law of this state was that when a person died intestate, leaving neither ascendants nor descendants, his brothers and sisters inherited the property left by him, but subject to his wife's interest in and usufruct on community property. Rev. Civ. Code of 1870, arts. 912, 915. (This has since been changed. Act 57 of 1910, p. 93; Act 80 of 1916, p. 201.)

**I.**

On June 27, 1914, said land was sold, for the unpaid taxes of 1913, to defendant.

On November 6, 1914 (within the time for redemption), the defendant executed a deed poll, the pertinent recitals of which are as follows:

"Whereas Tula Williams, wife of William Hayes, has this day paid to said J. R. Fridge the sum of $27.12, being the amount of taxes, interest and costs, the said J. R. Fridge does hereby grant, bargain and sell, quitclaim and release whatever right title and interest he acquired by virtue of the said tax sale unto the said Tula Hayes.

"It is well understood that the purpose of this act is to permit the said Tula Williams, wife of William Hayes, to redeem said property from said tax sale and place the property in the same condition that it was prior to said tax sale."

Which said deed was duly put of record.

On December 13, 1914, said Tula Williams applied to the district court (having probate jurisdiction), and had herself recognized as the widow of said William Hayes and sent into possession of his estate.

On October 7, 1915 (after the delays for redemption had expired), the defendant and said "Mrs. Tula Hayes" executed a deed, the pertinent recitals of which are as follows:

"Whereas, it was the intention of said Fridge to sell, transfer and convey said property unto the said Mrs. Hayes; and, whereas, the said transaction appears to have failed to accomplish said purpose, and that said act was accomplished ill advisedly and through error on the part of both parties to said act of transfer and so-called redemption; now, therefore the said appearers (parties to the deed) declare that it is their desire and intention, and they do hereby cancel and set aside said conveyance, and nullify the same, the price of said conveyance, to wit, $27.12, being now returned by said Mrs. Hayes to said Fridge (sic); and, in accordance with the herein expressed intention to cancel and annul said transfer, the said Mrs. Hayes does now sell, retransfer and reconvey unto said Fridge the above-described property (being the land now in controversy), the said Fridge hereby acknowledging possession of the same."

On May 22, 1918, plaintiff obtained judgment against "Tula Williams, alias Hayes," decreeing the nullity of the marriage between her and the deceased, Williams Hayes (for having been contracted while she had a former husband living and not divorced); setting aside the judgment of December 13, 1914, recognizing her as the widow of said

William Hayes and sending her into possession of his estate; and recognizing plaintiffs as the sole heirs of said William Hayes, and as such sending them into possession of all the property left by him.

On October 9, 1920, plaintiffs filed this suit.

## II.

There is an agreed statement of facts in the record, from which we extract the following:

"It is agreed that the only question involved in this case is whether the redemption of the said property by Tula Hayes inured to the benefit of the succession of William Hayes, and, having been redeemed, that it was impossible for her to retransfer said property to John R. Fridge (the defendant)."

## III.

[1] Whatever may have been actual intention of the defendant and Tula Williams (or Hayes), as declared by them on October 7, 1915, after the delays for redemption had expired, the expressed intention of the defendant in his deed of November 6, 1914, is too clear and positive to admit of more than one interpretation:

"It is well understood that the purpose of this act is to permit the said Tula Williams, wife of William Hayes, to redeem said property from said tax sale and place the property in the same condition that it was prior to said tax sale."

This having been done *before the delays for redemption had expired,* and having been put of record as notice thereof to the whole world, there was therefore no occasion whatever for any person interested in the succession of William Hayes to seek further to *"redeem said property from said tax sale, and place the property in the same condition that it was prior to said tax sale."* For that had already been done, and plaintiffs were under no obligation whatever to give themselves any further concern about it.

## IV.

[2] Under section 62 of Act 170 of 1898 (page 376), the right of redemption is given to "the owner, or any person interested personally, or as heir, legatee, creditor, *or otherwise."*

In Richards v. Nylka Land Co., 143 La. 650, 79 South. 208, this court said:

"It is now an established rule, recognized by our jurisprudence, that the word 'owner,' as used in the revenue law [above quoted], does not only mean one who owns by a perfect title, but also includes one who possesses as owner"—citing Bentley v. Cavallier, 121 La. 60, 46 South. 101.

*And this court has three times said:*

"We think that any one may, for the advantage of the owner, as negotiorium gestor, make payment for him of the redemption money, even without his knowledge." Busha's Heirs v. Register, 113 La. 100, 36 South. 902; Bentley v. Cavallier, 121 La. 60, 46 South. 101; Richards v. Nylka Land Co., 143 La. 650, 79 South. 208.

## V.

And it is evident from what has gone before, and from defendant's own testimony, that Tula Williams passed openly for the legal wife of William Hayes, and as such was in possession of his estate after his death. This was primarily a *fraud* upon plaintiffs, and operated manifestly to their injury by depriving them of his estate, to which they were legally entitled. She was therefore accountable to them for all the property of which that estate consisted, and therefore under obligation to preserve that property for them. Hence, also, she had an interest in preserving it; since she would have to make good any loss thereof out of her other property.

[3] And, accordingly, she not only had a *right* to redeem said property for the succession, but was bound to do so; and thus her attempt to retrocede the property to the tax purchaser after the delay for redemption had expired was simply a palpable fraud upon the heirs.

## VI.

This case is therefore readily distinguishable from Staples v. Mayer, 44 La. Ann. 628, 11 South. 29. In that case a tax debtor (succession) was refused relief against one who had obtained a deed in his own name from the tax purchaser, upon a false representation that he was a creditor of the tax debtor. But the reason was, that—

"It (the succession) is attacking an alleged fraud which was not practiced upon it and did not injure it in any manner. It is claiming the benefit of acts done by a third person, having no authority, and under no obligation, to act for it, and upon its face not done in its name or for its account, but exclusively in his own right as a purchaser under a valid contract of sale."

Here, on the contrary, there *has* been a fraud practiced upon the heirs which *has* injured them; also the party redeeming *was* under obligation to redeem for the heirs, and again the act relied upon *did*, on its face, "place the property in the same condition that it was prior to said tax sale." That case has therefore no application here.

### Decree.

The judgment appealed from is, therefore, reversed; and it is now ordered that there be judgment in favor of plaintiffs Thaddeus W. Hayes, John W. Hayes, Simuel Hayes, Mrs. Lillian Hayes, wife of James Foster, and Mrs. Sarah Hayes, widow of L. Dickson, and against defendant John R. Fridge, declaring said plaintiffs owners of the following real estate, to wit: "Lot thirty-nine (39) in square two hundred and forty-one (241) of the city of Baton Rouge, according to the official map of said city"—and directing that they be placed in possession thereof; defendant to pay costs of both courts.

BRUNOT, J., recused.