STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1136

SID HEBERT, SHERIFF

VERSUS

KATIE M. HOLLIER, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104485-H
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Edward P. Landry
211 E. Main Street
Post Office Drawer 12040
New Iberia, Louisiana  70562-2040
(337) 364-7626
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Katie M. Hollier
    Troy Arceneaux


P. Charles Calahan
314 E. Pershing Street
Post Office Box 9547
New Iberia, Louisiana  70562-9547
(337) 365-8046
COUNSEL FOR DEFENDANT/APPELLEE:
    Joseph S. Davis II

**P. Charles Calahan**
**Attorney at Law**
**In Proper Person**
**314 E. Pershing Street**
**Post Office Box 9547**
**New Iberia, Louisiana  70562-9547**
**(337) 365-8046**
**DEFENDANT/APPELLEE**


**Joseph L. Ferguson**
**124 West Washington Street, Ste. B**
**Post Office Box 9804**
**New Iberia, Louisiana  70560-9804**
**(337) 365-6789**
**COUNSEL FOR PLAINTIFF:**
        **Sid Hebert, Sheriff of Iberia Parish**


**Larry James Murdock**
**In Proper Person**
**1478 Bayou Alexandria Highway**
**St. Martinville, Louisiana  70582**

**GENOVESE, Judge.**

Defendants, Troy Arceneaux (Arceneaux) and Katie M. Hollier (Hollier), appeal the judgment of the trial court denying the motion to rescind tax redemption filed by Plaintiff, Sid Hebert (Sheriff), in his official capacity as sheriff/tax collector of Iberia Parish. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The motion to rescind tax redemption which prompted this litigation was filed by the Sheriff on January 14, 2005. On September 4, 2002, Hollier acquired an ownership interest in the property which forms the basis of this dispute from Willie Mae Waters Barnette via cash sale. The property is described as follows:

> A certain tract of land with all improvements thereon, situated in the Parish of Iberia, Louisiana, at about three (3) miles South of the City of New Iberia, Louisiana, containing 30 superficial acres, more or less, bounded North by lands of Pesson or Assigns, South by those of Dr. J. Schreiner, or Assigns, East by a line distant at each end 120 feet from the center of Isle Aux Cannes and West by lands of Henry Dorsey or Assigns; being the same property acquired by David Waters from N.B. Peebles per deed recorded in the conveyance records of Iberia Parish, Louisiana, in Book 9, Folio 339, under Entry No. 3113.

This sale document was recorded on September 17, 2002 in the conveyance records of Iberia Parish.

On June 30, 2003, Arceneaux purchased the property in dispute at tax sale and, thereafter, paid the appropriate property taxes for the years 2002, 2003, and 2004.

On December 23, 2004, Defendant, P. Charles Calahan (Calahan), presented payment for the delinquent taxes owed on the property in dispute to the tax department of the Iberia Parish Sheriff's Office. At no time did Calahan, an attorney, identify for whom he was redeeming the property. Without inquiring any further, the deputy tax collector for Iberia Parish assumed Calahan was redeeming the property

2

for the tax record owner and accepted payment therefor.

Subsequent thereto, the Sheriff issued a certificate of redemption to "Waters, David Est. c/o Katie Marie Hollier," and a refund was issued to Arceneaux. However, after Hollier brought it to the Sheriff's attention that she did not employ the representation of Calahan to redeem the property in dispute, the Sheriff's office sought to ascertain for whom Calahan had redeemed the property. When efforts to determine Calahan's representation were unsuccessful, the Sheriff filed a motion to rescind tax redemption on January 14, 2005, naming Hollier, Arceneaux, and Calahan as Defendants. The Sheriff claimed that he wanted to rescind the tax redemption deed issued to Calahan out of an abundance of caution so as not to "knowingly, or with reckless disregard, impinge upon anyone's property rights without due process of law."

On February 10, 2005, Hollier and Arceneaux filed answers to the Sheriff's motion to rescind tax redemption, specifically denying that Calahan redeemed the property in the name of "the rightful owner, Katie Marie Hollier," and alleging that the property was improperly redeemed "in the name of someone who has no vested interest in the property as an heir, legatee, creditor or otherwise." The answer of Hollier and Arceneaux also contained a third party demand naming as third party defendants: Joseph Sterling Davis II (Davis), and Larry James Murdock (Murdock)[1]. Hollier and Arceneaux's third party demand alleges that Davis and Murdock:

> participated in a scheme to transfer ownership of property which neither of the third party defendants has or had at any time any ownership interest and created said scheme solely for the purpose and intent to deprive the rightful owners, Katie Marie Hollier and Troy Arceneaux[,] of their legitimate ownership interest in said property.

---

[1]Murdock, in proper person, filed an answer on June 3, 2005, stating that he "denies any interest in this litigation."

Hollier and Arceneaux likewise seek a judgment rescinding the certificate of redemption acquired through Calahan on December 23, 2004.

Davis claims that he purchased the property in dispute from Murdock via cash sale signed on December 13, 2004, and that it was recorded on February 22, 2005 in the conveyance records of Iberia Parish. Calahan appeared as the notary on said cash sale.

Immediately prior to the hearing on the Sheriff's motion to rescind tax redemption on March 4, 2004, the parties conferred in chambers. After a pre-trial conference with the trial court, Hollier and Arceneaux supplemented and amended their third party demand by filing a petitory action and requested a temporary restraining order and permanent injunction against Davis and Murdock. Hollier and Arceneaux's supplemental third party demand claimed that Davis and Murdock deprived them of their rightful possession and ownership of the property in question, and illegally committed a civil trespass upon said property.

On April 15, 2005, the trial court issued written reasons for judgment denying the Sheriff's motion to rescind tax redemption. Judgment was signed on May 25, 2005. Hollier and Arceneaux appeal.

## ISSUE

Hollier and Arceneaux assert that the trial court erred in not rescinding the certificate of redemption issued by the Sheriff.[2]

---

[2]We also acknowledge that in his specifications of error, Arceneaux argues that the trial court should have granted him rightful ownership of the property at issue herein in accordance with his purchase at tax sale on June 30, 2003; however, this issue is not properly before this court and will not be considered. Arceneaux's remedy is to proceed to quiet tax title pursuant to La.R.S. 47:2228, *et seq*.

4

## LAW AND DISCUSSION

### *Standard of Review*

"When reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not." *Hatten v. Schwerman Trucking Co.*, 04-1004, p.2 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, 449, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645).

### *Redemption of Adjudicated Property*

Louisiana Revised Statute 47:2224 provides that adjudicated property may be redeemed by the owner, any person interested personally, or a person with an interest as an heir, legatee, creditor or otherwise.

Raymond Bienvenue (Bienvenue), Deputy Tax Collector for Iberia Parish, testified that on December 23, 2004, Calahan presented to him a money order for the redemption of the property at issue. Bienvenue acknowledged that he did not request information from Calahan as to whom he was representing when he presented payment to redeem the property. Bienvenue also testified that at no time did Calahan voluntarily identify for whom he was redeeming the property. Bienvenue stated that he issued the certificate of redemption assuming that Calahan redeemed the property on behalf of Hollier. Beinvenue testified that he mailed a refund to Arceneaux, but that the check and a copy of the redemption certificate came back as "undeliverable" to the address he had listed for Arceneaux. Bienvenue testified that Arceneaux called him to ask who had redeemed the property. Bienvenue testified that he called Calahan twice to request more documentation as to whom he was representing when

he presented payment to redeem the property, but as of the date of the hearing, he had received nothing from Calahan.

Calahan admitted that when he presented payment to redeem the property, he did not identify whom he was representing. Calahan testified that he did not know Hollier nor did he ever represent her. When asked if he recalled a conversation with Beinvenue about whom he represented, Calahan was not very definitive, stating "I think I also told him Mr. Davis' name, and Mr. Davis was the owner of record at that time by virtue of a cash sale that was recorded in the conveyance records at the courthouse." However, the record reveals that the purported sale of the property in dispute from Murdock to Davis was not recorded in the conveyance records of Iberia Parish until February 23, 2004.

Davis alleges that the property at issue herein had been in the continuous, open, and peaceful possession of Murdock, without disturbance, in excess of thirty years. Davis asserts that Murdock conveyed his interest to him with full warranty of title by cash sale on December 13, 2004. Davis questions the validity of Hollier's interest in the property at issue herein. Davis asserts that Hollier claims to have acquired an interest without warranty of title by cash sale dated September 22, 2004; however, he argues that Hollier "present[s] no evidence of a valid conveyance into the David Water Estate nor any evidence that Willie Mae Waters Barnette is an heir or has ever been on the property." The issue before this court is simply the legality of the tax redemption, not the ownership in the subject property. Therefore, Davis' argument relative to possession and ownership of the subject property is impertinent to the issues before this court on appeal.

After a thorough review of the record, we conclude that the trial court erred as

6

a matter of law in determining that Calahan's redemption was valid and that it inured to the benefit of Hollier. The evidence clearly shows that Hollier did not retain Calahan to represent her. By admission, Calahan was not a representative of Hollier when he redeemed the property. Therefore, the redemption was not on Hollier's behalf. By act of cash sale dated September 4, 2002, Hollier possessed a recorded interest in the property in dispute. Calahan did not redeem the property pursuant to representation of an individual with a recorded interest in the property, i.e. Davis, who, based on the recordation date of the cash sale from Murdock to Davis, did not have a recorded interest in the property on December 23, 2004, the date on which Calahan redeemed the property. Therefore, the tax redemption certificate issued by the Sheriff was legally flawed because Calahan was not acting on behalf of an "owner, or any person interested personally or as heir, creditor or otherwise," as set forth in La.R.S. 47:2224.

### *Motion for Recusal*

Hollier and Arceneaux assert that Calahan's participation as a lawyer and a witness violates Rule 3.7 of the Louisiana Supreme Court Rules of Professional Conduct. Hollier and Arceneaux do not allege that the trial court's allowance of Calahan to both testify and represent himself and Davis was reversible error, but request that this court "order that Calahan be removed as counsel of record for any party in this matter with the exception of representing himself." Under Uniform Rules–Courts of Appeal, Rule 1-3, this court will "review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Such is not the case here. Based upon the facts and issues presented, and the remedy sought, said request

7

is not properly before this court and will not be considered.

### *Damages for Frivolous Appeal*

Finally, Calahan asserts in his reply brief to Hollier and Arceneaux's appeal that he is entitled to damages for "frivolous" appeal. We note that the record does not reflect that Calahan ever filed an answer to this appeal. An appellee shall answer an appeal when he desires to have the judgment modified, revised, or reversed in part, or when he demands damages against the appellant. *See* La.Code Civ.P. art. 2133. Calahan's request for damages for frivolous appeal in his reply brief to Hollier and Arceneaux's appeal does not satisfy the requirements of Article 2133 as it is neither an answer nor an appeal. *Roberts v. Robicheaux,* 04-1405 (La.App. 3 Cir. 3/2/05), 896 So.2d 1232, *writ denied*, 05-792 (La. 5/13/05), 902 So.2d 1021 (citing *Gibbs v. Gibbs*, 33,169 (La.App. 2 Cir. 6/21/00), 764 So.2d 261; *Gay v. Gay*, 31,974 (La.App. 2 Cir. 6/16/99), 741 So.2d 149). Therefore, the issue of Calahan's request for damages for frivolous appeal is not properly before this court and will not be considered.

### CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court denying the Sheriff's motion to rescind tax redemption and order the tax redemption certificate issued herein cancelled and rescinded. This matter is remanded to the trial court for further proceedings consistent with this opinion. P. Charles Calahan and Joseph F. Davis II are cast for all costs of this appeal.

**REVERSED AND REMANDED.**