ELAINE ARMSTEAD, ET AL.

VERSUS

NETTIE BROOKS ROCHE, ET AL.

* NO. 2019-CA-0948

*

* COURT OF APPEAL

*

* FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 62-588, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Tiffany G. Chase, Judge Dale N. Atkins)

STEPHEN CHARLES BRAUD
BALLAY, BRAUD & COLON, PLC
8114 Highway 23, Suite 101
Belle Chasse, Louisiana 70037
     COUNSEL FOR PLAINTIFF/APPELLEE

HESTER R. HILLARD
HILLIARD LAW FIRM
One Galleria Blvd., Suite 1900
Metairie, Louisiana 70001
     COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**

**JULY 1, 2020**

On September 27, 1978, Espy Brooks and Mildred Simmons filed a petition to open the Succession of Marcel Brooks, Sr. in the 25th Judicial District Court for the Parish of Plaquemines.[1] The petition stated that Marcel Brooks, Sr. was married to Masaline Brooks and of that marriage, five children were born, namely: Marcel Brooks, Jr.; Henry Brooks, who died in 1945 (Espy Brooks is the son of Henry Brooks); Charles Victor Brooks, who died in 1927 (Mildred Simmons is the daughter of Charles Brooks); Robert Brooks; and Josephine Brooks, who died in 1958.[2] Thereafter, the petition goes on to list twenty-seven (27) persons believed to be the heirs of Marcel Brooks, Sr. The petition also stated that Marcel Brooks, Sr. was the owner of immovable property located at 13422 Hwy 23, Belle Chasse, LA 70037.

On June 30, 2005, the property was "sold" to Nettie Brooks Roche (Nettie Brooks Roche is the daughter of Espy Brooks) by tax deed for unpaid 2004 property taxes. The property was assessed and sold in the name of Marcel Brooks

---

[1] Case No. 20-560
[2] The petition failed to state whether Masaline Brooks predeceased or survived Marcel Brooks, Sr.

1

Estate, c/o Rudolph Simmons, Grandson 152 Zacks Ln, Belle Chasse, LA 70037.

On October 19, 2005, the property was "redeemed" unto the Marcel Brooks Estate, c/o Tyronne White, 13422 Hwy 23 Belle Chase, LA 70037 (Tyronne White is the grandson of Mildred Simmons).[3]

On June 30, 2008, the property was "sold" to Nettie Brooks Roche and Tyronne White by tax deed for unpaid 2007 property taxes. The property was noticed, assessed and sold in the name of Marcel Brooks Estate, 13422 Hwy 23, Belle Chasse, LA 70037.

On November 6, 2015, Elaine Armstead, Darryl Phoenix, Porsha Bright, Penelope Blakney and Victor Simmons ("plaintiffs") filed a petition to annul tax sale, where they sought to nullify a tax sale in 2008, for unpaid 2007 property taxes on property assessed to the Estate of Marcel Brooks, Sr., to Nettie Brooks Roche and Tyronne White ("defendants"). On April 26, 2016, the defendants filed exceptions of no right of action, no cause of action, failure to join indispensable parties and prescription. The plaintiffs filed their first amended petition on July 12, 2016, seeking a declaratory judgment that the July 7, 2008 tax sale to the defendants was a redemption of the property in favor of the Estate of Marcel Brooks, Sr. and all of his heirs.

Following a hearing on the defendant's exceptions on September 12, 2016, the trial court denied the exceptions of no cause of action and no right of action, but granted the exceptions of failure to join indispensable parties and ordered the

---

[3] Rudolph Simmons was deceased at this time.

2

plaintiffs to file an amended petition adding all known co-heirs of Marcel Brooks, Sr. The trial court deferred argument, evidence and ruling on the defendants' exception of prescription. The plaintiffs filed their second amended petition on October 3, 2016, adding other co-heirs of Marcel Brooks, Sr. not included earlier. Then, on January 4, 2017, the plaintiffs filed their third amended petition to add even more living co-heirs of Marcel Brooks, Sr.

A hearing on the exception of prescription took place on April 6, 2017. The trial court rendered judgment on April 21, 2017, denying the exception and issued written reasons for judgment. The court reasoned that the "purchase" of the property at the 2008 tax sale by Nettie Brooks Roche and Tyronne White was, as a matter of law, a redemption in favor of all the co-owners/co-heirs of the deceased record owner, Marcel Brooks, Sr.

A trial on the merits took place on March 25, 2019. At the conclusion of trial, the court permitted the parties to submit post-trial briefs and allowed the plaintiffs to submit documents evincing payments of property taxes by Elaine Armstead based on her sworn testimony at trial. On May 30, 2019, the trial court rendered a final judgment granting the plaintiffs' relief, declaring the 2008 tax sale purchase by Nettie Brooks Roche, as an admitted co-heir and co-owner, was, as a matter of law, a redemption in favor of all co-owners and co-heirs of Marcel Brooks, Sr. The defendants now appeal this judgment.

On appeal, the defendants raise the following assignments of error: (1) the trial court erred when it determined that the tax deed at the sheriff's sale on June

30, 2008 was, as a matter of law, a redemption of the subject property in favor of all heirs of Marcel Brooks, Sr. and the co-owners of the subject property; (2) the trial court erred when it did not grant or recognize the affirmative defense of prescription as filed by the defendant, Nettie Brooks Roche; (3) the trial court erred in rendering a judgment against Tyronne White who was not served with process of service as required by law; and (4) the trial court erred in determining the reimbursement amount due to Nettie Brooks Roche was $2,950.18.

In their first assignment of error, the defendants contend that the trial court erred when it determined that the tax deed at the Sheriff's sale on June 30, 2008 to Nettie Brooks Roche and Tyronne White was, as a matter of law, a redemption of the family property in favor of all heirs of Marcel Brooks, Sr., deceased record owner of the property. The factual stipulations agreed to by the plaintiffs and defendants in the trial on the merits established that the plaintiffs are heirs of Marcel Brooks, Sr. and co-owners of undivided interests in the property at issue in this case. The estate of Marcel Brooks, Sr. was the property owner in whose name the subject property was assessed at the time of the 2005 and 2008 tax sales in question and addressed to "Marcel Brooks Estate, c/o Tyrone White, 13422 Hwy 23, Belle Chasse, LA 70037." The address is the municipal address for the subject property. The Succession of Marcel Brooks, Sr., opened in 1978, is still open and there is no acting/appointed administrator.

The stipulations also establish that Nettie brooks Roche is an heir of Marcel Brooks, Sr. and a co-owner of an undivided interest in the subject property at all

4

material times.  Also established by stipulation was that Tyronne White's mother was a co-heir of the property and through testimony it was explained that Tyronne White was lawfully occupying the property as a tenant for and on behalf of all of the co-heirs and co-owners with the obligation to pay the ad valorem taxes on the property as a condition of his exclusive occupancy and possession.

The testimony by Elaine Armstead and Tyronne White also established that Elaine's mother and Tyronne White's grandmother, Mildred Simmons occupied the property and paid the property taxes for many years prior to her death.  The stipulations and defendants' responses to the plaintiff's requests for admission also established that Espy Brooks who died in 1996 was the father of Nettie Brooks Roche and that Nettie Brooks Roche, as a co-heir and co-owner of the subject property in 2005 and 2008, paid the back-due property taxes, interest and penalties due on the subject property at 2005 and 2008 Sheriff's tax sales.  As such, the trial court found that Nettie Brooks Roche's attempt to "purchase the property" at a tax sale was in actuality a redemption for and on behalf of all co-heirs and co-owners of the property.

In its judgment, the trial court also found that Tyronne White acted as a negotiorum gestor[4] for and on behalf of the estate of Marcel Brooks, Sr. and all his heirs in accord with the provisions of La. C.C. arts. 2292 *et seq.* by his actions on behalf of the estate and succession in (a) redeeming the subject property in 2005

---

[4] Payment of the redemption price on property sold at tax sale, if not by the record owner, is an act under *negotiorum gestio*.  *Hebert v. Hollier*, 2006-1077, p. 5 (La. 3/9/07), 976 So.2d 1256, 1259.  The law does not require of the payor of the redemption price to allege that he/she is acting on behalf of the owner.  *Id.*

following the 2005 tax sale and (b) being the recipient of the tax delinquency notice for unpaid 2007 property taxes and (c) thereafter being a co-purchaser of the subject property at the 2008 tax sale.

The trial court's April 21, 2017 judgment is supported by *Dufour v. Wood*, 346 So.2d 863 (La. App. 4 Cir. 1977) and *Succession of Blanchard,* 243 So.2d 329 (La. App. 4 Cir. 1971). However, the trial court's judgment is probably best supported by *Succession of Walker v. Walker*, 524 So.2d 907, (La. App. 5 Cir. 1988). In that case, the Fifth Circuit held that "regardless of his motives and intents, because he was a co-owner, his purchase of the property at the tax sale operated only as a payment of the taxes rather than as a sale and inured to the benefit of all of the owners who could assert their rights by paying their pro-rata share of the taxes." *Id.* at 910 (citing *White v. White*, 233 So.2d 289, (La. App. 1 Cir. 1970)). Accordingly, we find no error in the trial court's determination that paying the tax deed at the Sheriff's sale on June 30, 2008 was as a matter of law a redemption of the subject property in favor of all heirs of Marcel Brooks, Sr. and the co-owners of the subject property.

In their second assignment of error, the defendants contend that the trial court erred when it did not grant or recognize the affirmative defense of prescription. The defendants allege in their answer to the plaintiffs' claims that the plaintiffs' failure to redeem the subject property within three years of the July 17, 2008 tax sale bars the plaintiffs from bringing their action. Their assertion is contrary to the law, as discussed earlier in this opinion. As such, there was no need

for the plaintiffs to redeem the property because the taxes were already paid by Nettie Brooks Roche and Tyronne White on behalf of all the owners. Accordingly, the trial court did not err when it denied the defendants' affirmative defense of prescription.

In their third assignment of error, the defendants claim that the judgment rendered against Tyronne White is void on the basis of lack of service as required by La. C.C.P. art. 2002. However, Mr. White failed to object by filing a declinatory exception challenging the sufficiency or lack thereof prior to his making a general appearance in this matter. See La. C.C.P. art. 925. Mr. White made a number of general appearances in this case. He filed exceptions in response to the plaintiffs' petition and amended petitions. He responded to the plaintiffs' formal discovery requests. He also appeared at the trial on the merits and gave sworn testimony as to his participation in the attempted acquisition of the family property in concert with his aunt Nettie Brooks Roche. Mr. White cannot make such appearances before the trial court and then attack the judgment rendered against him when he failed to timely file a declinatory exception in writing prior to making such appearances. See *Strickland v. Bd. of Supervisors of L.S.U. & Ag. and Mech. College*, 432 So.2d 964, 966 (La. App. 4 Cir. 1983). Accordingly, Mr. White has waived any argument he may have regarding service of process.

In their final assignment of error, the defendants contend that the trial court erred in determining the reimbursement amount for property taxes due Nettie Brooks Roche was $2,950.18. The trial court considered the evidence introduced

by joint stipulation regarding the reimbursement of property taxes paid by the parties. Based on the record before this Court we cannot find that the trial court's determination was either clearly wrong or manifestly erroneous. Accordingly, we find no error in its reimbursement award.

For the above and foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**